IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH VALDEZ KYNE, CHAD KRUZIC, and ADAM BOROWIEC on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C., dba THE RITZ-CARLTON, KAPALUA,<br><br>       Defendant. | CIVIL NO. 08-00530 ACK-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION[1]

Before the Court is Plaintiffs Elizabeth Valdez Kyne, Chad Kruzic, and Adam Borowiec's (collectively "Plaintiffs") Motion for Class Certification, filed herein on behalf of themselves and all others similarly situated on May 11, 2011 ("Motion"). Plaintiffs request that the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), certify a class of plaintiffs to be defined as "all non-managerial food and

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

beverage service employees who, since November 24, 2002, have worked at banquets, functions, small parties, room service, and other events at the Ritz-Carlton, Kapalua, where a service charge was imposed and where a part of that service charge was kept by the Defendant without adequate disclosure to customers." Defendant The Ritz-Carlton Hotel Company, L.L.C., dba The Ritz-Carlton, Kapalua ("Defendant") filed its memorandum in opposition to Plaintiffs' Motion on May 27, 2011 ("Opposition"), and Plaintiffs filed their reply on June 6, 2011 ("Reply").

This matter came on for hearing before the Court on June 20, 2011 at 10:30 a.m. Ashley K. Ikeda, Esq. and Shannon Liss-Riordan, Esq. (via telephone) appeared on behalf of Plaintiffs, and Richard M. Rand, Esq. appeared on behalf of Defendant. Based on the following, and after careful consideration of the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.

## BACKGROUND

Plaintiffs have each worked as food and beverage servers at The Ritz-Karlton, Kapalua (the "Resort"), which Defendant allegedly operated during the applicable statute of limitations. Plaintiffs filed the instant Class Action Complaint on November 24, 2008 and filed an amended version on June 28, 2010 ("Complaint").

The Complaint alleges that the Resort imposes a service charge on the sale of food and beverages at its banquets and other events but does not distribute the total proceeds of these service charges to its food and beverage servers as tip income. Rather, Defendant allegedly has a policy and practice of retaining a portion of these service charges for itself or for paying managers or other non-tipped employees who do not serve food and beverages. Defendant allegedly has not disclosed to the Resort's customers that the service charges are not remitted in full to the food and beverage servers. Plaintiffs claim that this practice results in a loss of tip income for the Resort's food and beverage servers in violation of Hawaii Revised Statutes ("HRS") § 481B-14.

The Complaint alleges the following causes of action: Count I - violation of HRS §§ 481B-14, 481B-4, and 480-2; Count II - intentional interference with contractual and/or advantageous relations; Count III - breach of implied contract; Count IV - unjust enrichment; Count V - violation of HRS §§ 388-6, 388-10, and 388-11. On May 11, 2011, Plaintiffs filed a Motion for Partial Summary Judgment as to Count V of the Complaint. On that same date, Defendant filed to Motion to Dismiss the Complaint in its entirety. Both motions are presently set for hearing on October 31, 2011.

The instant action is one of at least seven similar cases, involving food and beverage service employees suing their

3

employers for loss of tip income, which were filed in the United States District Court of the District of Hawaii between November 21, 2008 and January 9, 2009.[2] In five of these cases, the various plaintiffs filed motions to certify class, which are nearly identical to the instant Motion. United States District Judge Leslie E. Kobayashi was the first - and to date only - judge to address one of these motions in the Villon matter. On May 31, 2011, Judge Kobayashi issued an Order Granting Plaintiffs' Motion for Class Certification ("Villon Certification Order") which certified the a class of "all non-managerial food and beverage service employees, who, from July 30, 2004 to the present, have worked at banquets, functions, events, and small parties, or provided room service, where a service charge was imposed and where a part of that service charge was kept by [the Wailea Marriott Resort] or management without adequate disclosure to customers." See Kobayashi Order, dkt. no. 105 in Villon, Civ. No. 08-00529 LEK-RLP. While not controlling, the Court finds the

---

[2] These actions are: Davis v. Four Seasons Hotel, Ltd., Civ. No. 08-00525 HG-BMK (D. Haw. Nov. 21, 2008); Wadsworth v. KSL Grand Wailea Resort, Inc., Civ. No. 08-00527 ACK-RLP (D. Haw. Nov. 24, 2008); Apana v. Fairmont Hotels & Resorts (U.S.) Inc., Civ. No. 08-00528 JMS-LEK (D. Haw. Nov. 24, 2008); Villon v. Marriott Hotel Servs., Inc., Civ. No. 08-00529 LEK-RLP (D. Haw. Nov. 24, 2008); Kyne v. Ritz-Carlton Hotel Co., L.L.C., Civ. No. 08-00530 ACK-RLP (D. Haw. Nov. 24, 2008); Lara v. Renaissance Hotel Operating Co., Civ. No. 08-00560 LEK-RLP (D. Haw. Dec. 10, 2008); and Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc., 09-00016 LEK-RLP (D. Haw. Jan. 9, 2009).

Villon Certification Order highly persuasive and relevant to the instant Motion.

ANALYSIS

**A. Legal Standard for Class Certification**

A plaintiff moving to certify a class has the burden of showing that the proposed class satisfies the requirements of FRCP 23. See Wal-Mart Stores, Inc. v. Dukes, No. 10-277, --- S. Ct. ----, 2011 WL 2437013, at *5 (2010). FRCP 23(a) states four threshold requirements applicable to all class actions:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These requirements are known as numerosity, commonality, typicality, and adequacy of representation. Id.; United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010).

Where a putative class satisfies all four requirements of FRCP 23(a), it still must meet at least one of three additional requirements outlined in FRCP 23(b) in order to be eligible for certification. Id. FRCP 23(b)(3), under which

Plaintiffs bring the instant Motion, requires that a court find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Yokoyama v. Midland Nat'l Life Ins. Co., 594 F.3d 1087, 1090 n.1 (9th Cir. 2010).  These additional requirements for class certification are known as predominance and superiority.  Id.

**B.   FRCP 23(a) Requirements**

   **1.   Numerosity**

The numerosity inquiry "requires examination of the specific facts of each case and imposes no absolute limitations." Gen. Tel. Co. of the Nw., Inc. v. E.E.O.C., 446 U.S. 318, 330 (1980).  In general, the numerosity requirement is satisfied when a class includes at least 40 members.  Rannis v. Recchia, 380 Fed. Appx. 646, 651 (9th Cir. 2010).  Plaintiffs have attached the Declaration of Chad Kruzic ("Kruzic Decl.") to their Motion, which states that, from approximately 2004 until May of 2007, he worked alongside over 100 other banquet servers.  See Kruzic Decl. ¶ 5.  In addition, Plaintiffs' Complaint alleges that there are more than 100 putative class members.  See Complaint ¶ 2.  Therefore, the Court finds that the proposed class meets the numerosity requirement.

### 2. Commonality

A proposed class meets the commonality requirement if the members' claims have a shared legal issue or a common core of facts. Rodriguez v. Hayes, 591 F.3d 1105, 1122 (9th Cir. 2010). It is not necessary that all questions of law or fact be common to satisfy FRCP 23(a). Id. (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998)). In the present case, the proposed class members' claims have common questions of law and fact because all of their claims arise from the Resort's collection of service charges without the required disclosures to customers. The Court therefore finds that the proposed class meets the commonality requirement.

### 3. Typicality

The typicality requirement is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Rodriguez, 591 F.3d at 1124 (quoting Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir. 2001)). Under this standard, the class representative's claims need only be "reasonably co-extensive with those other class members; they need not be substantially identical." Id. (quoting Hanlon, 150 F.3d at 1020). Here, the named Plaintiffs' claims and the claims of the proposed class members all arise from the Resort's alleged collection of service charges without the required disclosures to

7

customers, and all of the class members will rely on similar arguments to establish Defendant's liability.  Accordingly, the Court finds that the typicality requirement is satisfied.

**4.    Adequacy of Representation**

Whether the class representatives satisfy the adequacy of representation requirement depends on "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." Rodriguez, 591 F.3d at 1125 (quoting Walters v. Reno, 145 F.3d 1032, 1046 (9th Cir. 1998).  This requirement is satisfied as long as one named plaintiff adequately represents the class.  Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc. ("Las Vegas Sands"), 244 F.3d 1152, 1162 n.2 (9th Cir. 2001).  In this case, Plaintiffs' counsel have extensive experience in class actions on behalf of employees in the service industry and have no apparent conflict that would preclude them from representing the class.  Further, for the reasons addressed in the discussion of the typicality requirement, the named Plaintiffs have a shared interest with the absentee class members.  Therefore, the Court finds that the adequacy of representation requirement is met.

**C.    FRCP 23(b) Certification**

**1.    Predominance**

The predominance inquiry of FRCP 23(b)(3) asks "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." In re Wells Fargo Home Mortg. Overtime Pay Litg., 571 F.3d 953, 957 (9th Cir. 2009) (quoting Las Vegas Sands, 244 F.3d at 1162). The focus is on "the relationship between the common and individual issues." Id. (quoting Hanlon, 150 F.3d at 1022). Class actions are appropriate when "common issues present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." Las Vegas Sands, 244 F.3d at 1162.

In this case, there are significant factual issues regarding Defendant's policies and practices that are common to all class members, including whether the Resort imposed service charges, who the service charges were distributed to and in what proportion, and what disclosures were made to customers regarding the service charges. In addition, key legal issues, such as the application of HRS § 481B-14, are common to the members of the proposed class. These important factual and legal issues can be resolved for all class members in a single action. Therefore, the Court finds that the predominance factor is satisfied.

**2. Superiority**

FRCP 23(b)(3) provides a non-exhaustive list of factors for district courts to consider in determining superiority:

> (1) the class members' interests in individually controlling the prosecution or defense of separate

9

>               actions;
>
>     (2)   the extent and nature of any litigation concerning
>           the controversy already begun by or against class
>           members;
>
>     (3)   the desirability or undesirability of
>           concentrating the litigation of the claims in the
>           particular forum; and
>
>     (4)   the likely difficulties in managing a class
>           action.

<u>Las Vegas Sands</u>, 244 F.3d at 1163 (quoting Fed. R. Civ. P. 23(b)(3)).

These factors weigh in favor of certifying the proposed class. First, in light of the common factual and legal issues, the class members have a minimal interest in individually controlling the prosecution of this case. Second, although there are several other similar pending cases with overlapping plaintiffs, the instant action appears to be the only pending case by food and beverage servers employed at the Resort. Third, a class action is desirable here because it is unlikely that individual servers would be able to retain counsel and litigate separate actions given the relatively small amounts at stake for each person. Finally, the Court does not foresee any undue difficulties in managing the instant case as a class action. Insofar as the Court has not identified any other relevant factors, the Court finds that the superiority requirement is satisfied.

**D.   Exclusion of Managerial Employees From Class**

Although HRS § 481B-14 does not define the "employees" who the statute protects, Plaintiffs argue that the Court should certify a class that is limited to non-managerial food and beverage service employees. In finding that the class should be so limited, the Court agrees with the Villon Certification Order that particular weight should be given to the discussion of the legislative history of HRS § 481B-14 in the Court's Order: (1) Granting in Part and Denying in Part Defendant's Motion to Dismiss; (2) Dismissing Counts I and II of the Complaint Without Prejudice issued by United States District Judge David Alan Ezra ("Rodriquez Dismissal Order"), filed on December 29, 2010 in Rodriquez (see dkt. no. 93 in Civ. No. 09-00016 LEK-RLP) and the Hawaii state court's Order Granting Plaintiff's Motion for Partial Summary Judgment as to Defendants' Violation of HRS Chapter 388, Filed October 4, 2010 ("Gurrobat Summary Judgment Order"), filed on March 25, 2010 in Gurrobat v. HTH Corp., Civ. No. 08-1-2528-12, First Circuit Court, State of Hawaii (see Exh. 3 to Motion) and corresponding hearing transcript (see Exh. 1 to Reply).

The legislative history contained in the Rodriquez Dismissal Order clarifies that the Hawaii Legislature intended HRS § 481B-14 to cover "serving employees who would otherwise be tipped." Moreover, the Gurrobat hearing transcript specifically stated that this legislative history indicates that the statute

11

was intended to protect service workers and not managerial employees: "The purpose of the act was to require hotels and restaurants that apply a service charge for food and beverages, not distributed to employees as tip income, to advise customers that the service charge is being used to pay for costs or expenses other than wages and tips of employees."  See Gurrobat Hrg. Trans. at 14:14-19.

Further, the Court agrees that, to the extent that "managerial personnel may have a competing claim to the service charges at issue in this case, 1) the parties can raise that issue by presenting evidence in this case, and 2) that issue does not predominate over the issues currently presented in Plaintiffs' Complaint such that certification of Plaintiffs' proposed class would be inappropriate."  See Villon Certification Order at 32.  Finally, the fact that Plaintiffs' HRS § 481B-14 claim has been dismissed does not change the class certification analysis.  Indeed, in the present case, "there is no indication that there are any significant issues unique to individual class members which would preclude certification of the class as to the common law, or other statutory, claims, in addition to certification as to the § 481B-14 claim."  See id.  Accordingly, the Court finds that Plaintiffs' proposed class is properly limited to non-managerial food and beverage service employees.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for Class Certification, filed May 11, 2011, be GRANTED as follows:

(1) The Court CERTIFIES the instant case as a class action;

(2) The Court CERTIFIES the following class: all non-managerial food and beverage service employees who, since November 24, 2002, have worked at banquets, functions, small parties, room service, and other events at the Ritz-Carlton, Kapalua, where a service charge was imposed and where a part of that service charge was kept by the Defendant without adequate disclosure to customers;

(3) The Court APPOINTS Elizabeth Valdez Kyne, Chad Kruzic, and Adam Borowiec as the class representatives;

(4) The Court APPOINTS Ashley K. Ikeda, Esq., Lori K. Aquino, Esq., David A. Rosenfeld, Esq., Harold Lichten, Esq., Shannon Liss-Riordan, Esq., and Hillary Schwab, Esq. as class counsel; and

(5) The Court ORDERS the parties to meet and confer by July 22, 2011 to agree on: the proposed notice to potential class members pursuant to Fed. R. Civ. P. 23(d)(2), a method for ascertaining the identity of class members, and the most practicable procedure under the circumstances to provide notice of the instant case to those class members. The proposed notice

to the class and the proposed distribution plan shall be submitted for the Court's approval by August 5, 2011.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 27, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

<u>KYNE ET AL. V. THE RITZ-CARLTON COMPANY L.L.C.</u>, CIVIL NO. 08-00530 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR CLASS CERTIFICATION