IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIZABETH VALDEZ KYNE, CHAD KRUZIC, and ADAM BOROWIEC, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C., dba THE RITZ-CARLTON, KAPALUA,<br><br>       Defendant. | Civ. No. 08-00530 ACK-RLP |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

The magistrate judge's "Findings and Recommendation to Grant Plaintiffs' Motion for Class Certification" ("F & R") were filed and served on all parties on June 27, 2011. No party has filed an objection to the F & R, and the Court cannot find clear error on the face of the record with respect to these unobjected to findings and recommendation. See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) ("The court may accept those portions of the Magistrate Judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.").[1]

---

[1] Two points are worth noting. First, Defendant's argument that the proposed class inappropriately excludes managerial employees is unpersuasive (H.R.S. § 481B-14 clearly was not intended to include managerial employees). Also, the collective bargaining agreement ("CBA") governing Plaintiffs' employment at the Ritz-Carlton, Kapalua, does not apply to managerial employees. See Doc. No. 47, Ex. C at 5; Id. Ex. D at 4-5.

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.2, the F & R are adopted as the opinion and order of this Court.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, July 18, 2011.



_____
Alan C. Kay
Sr. United States District Judge

Kyne et al. v. The Ritz-Carlton Hotel Company, L.L.C., Civ. No. 08-00530 ACK-RLP: Order Adopting Magistrate Judge's Findings and Recommendation.

---

Accordingly, the claims now asserted by "non-managerial food and beverage service employees" and the potential claims by managerial employees would likely present different legal and/or factual questions. In particular, Defendant's failure to distribute the total proceeds of its service charges to non-managerial food and beverage service employees arguably complies with the CBA (that is, this was not simply according to "a policy and practice" as alleged in the complaint and referred to in the F & R); although it may be violative of the subject statute in the absence of any notice to customers. The CBA was negotiated by Plaintiffs' union on Plaintiffs' behalf after the subject statute was enacted.

Second, the Court notes that the F & R erroneously suggests that Plaintiffs' H.R.S. § 481B-14 claim has been dismissed. See F & R at 12. Defendant's motion to dismiss the complaint filed June 28, 2010 (which includes the § 481B-14 claim) is not scheduled to be heard until October 31, 2011. Nonetheless, it is clear that the F & R's misstatement does not affect any of the F & R's conclusions.