IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ELIZABETH VALDEZ KYNE, CHAD      ) Civ. No. 08-00530 ACK-RLP
KRUZIC, and ADAM BOROWIEC, on    )
behalf of themselves and all     )
others similarly situated,       )
                                 )
          Plaintiffs,            )
                                 )
     vs.                         )
                                 )
THE RITZ-CARLTON HOTEL COMPANY,  )
L.L.C., dba THE RITZ-CARLTON,    )
KAPALUA,                         )
                                 )
          Defendant.             )
_____)


## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### FACTUAL BACKGROUND[1/]

        Plaintiffs Elizabeth Valdez Kyne, Chad Kruzic, and Adam Borowiec ("Plaintiffs"), brought suit on behalf of a similarly situated class against the Ritz-Carlton Hotel Company, L.L.C., d/b/a the Ritz-Carlton, Kapalua ("Defendant" or "Hotel").  Am. Compl. ¶¶ 3-6.  Plaintiffs have all worked as food and beverage servers for at the Ritz-Carlton, Kapalua, in Maui, Hawaii.  Id. ¶ 3.

        Plaintiffs' Amended Complaint alleges that the Ritz-

---

        [1/]The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

Carlton provides food and beverage services throughout the Hotel, including in its banquet department, its restaurants, and through room service.  Id. ¶ 5.  Plaintiffs allege that Defendant has added a preset service charge to customers' bills for food and beverage served at the Hotel, but that Defendant has not remitted the total proceeds of the service charge as tip income to the employees who serve the food and beverages.  Id. ¶¶ 6-9.  Instead, Plaintiffs allege that Defendant has had a policy and practice of retaining for themselves a portion of these service charges (or using it to pay managers or other non-tipped employees who do not serve food and beverages), without disclosing to the Hotel's customers that the services charges are not remitted in full to the employees who serve the food and beverages.[2]  Id. ¶¶ 8-9.  Plaintiffs assert that therefore customers are misled into believing the entire service charge is distributed to the employees that serve them, and as a result, customers who would otherwise leave an additional gratuity do not do so.  Id. ¶ 10.

Plaintiffs' Amended Complaint asserts five counts.  In Count I, Plaintiffs allege that Defendant's conduct violates Hawaii Revised Statutes ("H.R.S.") § 481B-14, and that pursuant

---

[2]The Collective Bargaining Agreement ("CBA") between the Hotel and its employees provided that employees shall receive at least 93% of the guaranteed service charge.  Def.'s Response to Pls.' CSF Ex. A, § 7.h.  There does not appear to be a dispute that Defendant kept 7% of service charges it imposed.

to § 481B-4, such violation constitutes an unfair method of competition or unfair and deceptive act or practice within the meaning of H.R.S. § 480-2. In Count II, Plaintiffs allege that Defendant's conduct constitutes unlawful intentional interference with contractual and/or advantageous relations. In Count III, Plaintiffs allege that Defendant's conduct constitutes a breach of two implied contracts. In Count IV, Plaintiffs allege that Defendant has been unjustly enriched at Plaintiffs' expense under state common law. In Count V, Plaintiffs allege that as a result of Defendant's conduct, they have been deprived of income that constitutes wages, which is actionable under H.R.S. §§ 388-6, 388-10, and 388-11.

## PROCEDURAL BACKGROUND

On November 24, 2008, Plaintiffs filed a Class Action Complaint. Doc. No. 1. There were a number of similar cases filed in this Court, and on February 11, 2009, Plaintiffs moved to consolidate or alternatively for assignment of all the related cases to one judge pursuant to Local Rule 40.2.[3/] Doc. No. 25.

_____

[3/]There are at least seven other similar cases that food and beverage service employees have filed against their employers in this District Court between November 21, 2008, and May 13, 2010. These actions are: Davis v. Four Seasons Hotel, Ltd., Civ. No. 08-00525 HG-BMK (D. Haw. Nov. 21, 2008) (hereafter "Davis I"); Apana v. Fairmont Hotels & Resorts (U.S.) Inc., Civ. No. 08-00528 JMS-LEK (D. Haw. Nov. 24, 2008); Villon v. Marriott Hotel Servs., Inc., Civ. No. 08-00529 LEK-RLP (D. Haw. Nov. 24, 2008); Wadsworth v. KSL Grand Wailea Resort, Inc., Civ. No. 08-00527 ACK-RLP (D. Haw. Nov. 24, 2008); Lara v. Renaissance Hotel Operating Co., Civ. No. 08-00560 LEK-RLP (D. Haw. Dec. 10, 2008); Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc., 09-00016

On April 8, 2009, this Court adopted the Magistrate Judge's Findings and Recommendation that the similar cases not be consolidated.  2009 WL 975753 (Doc. No. 31).[4/]

On July 9, 2009, the Court stayed this case in light of Judge Gillmor's certification to the Hawaii Supreme Court of a question of law that was also important to the instant case.[5/] See Doc. No. 42.  The Hawaii Supreme Court answered the certified question on March 29, 2010.  See Davis v. Four Seasons Hotel Ltd., 228 P.3d 303 (Haw. 2010) (hereafter "Davis II"). Accordingly, on April 19, 2010, Plaintiffs filed a motion to lift the stay and a motion to file an amended complaint.  Doc. Nos. 44 & 45.  The Magistrate Judge granted both motions on June 22, 2010.  Doc. No. 54.  Plaintiffs filed their Amended Complaint on

_____

LEK-RLP (D. Haw. Jan. 9, 2009); and Flynn v. Fairmont Hotels & Resorts, Inc., Civ. No. 10-00285 DAE-LEK (D. Haw. May 13, 2010).

[4/]In that Findings and Recommendation, the magistrate judge found that reassignment to the same district judge was not warranted, but that the cases should be reassigned to one magistrate judge for more efficient case management.  See Doc. No. 29.

[5/]Judge Gillmor certified the following question:

Where plaintiff banquet server employees allege that their employer violated the notice provision of H.R.S. § 481B-14 by not clearly disclosing to purchasers that a portion of a service charge was used to pay expenses other than wages and tips of employees, and where the plaintiff banquet server employees do not plead the existence of competition or an effect thereon, do the plaintiff banquet server employees have standing under H.R.S. § 480-2(e) to bring a claim for damages against their employer?

See Davis I, Civ. No. 08-00525 HG-LEK, Doc. No. 75.

4

June 28, 2010.  Doc. No. 56.

Meanwhile, on May 11, 2011, Plaintiffs filed a Motion to Certify Class.  Doc. No. 76.  On July 18, 2011, the Court adopted the Magistrate Judge's Findings and Recommendation that the Court grant Plaintiffs' motion and certify the class as "all non-managerial food and beverage service employees who, since November 24, 2002, have worked at banquets, functions, small parties, room service, and other events at the Ritz-Carlton, Kapalua, where a service charge was imposed and where a part of that service charge was kept by the Defendant without adequate disclosure to customers."  Doc. No. 91; 2011 WL 2940444 (Doc. No. 93).

On May 11, 2011, Defendant filed a Motion to Dismiss Plaintiffs' Amended Class Action Complaint ("Defendant's Motion to Dismiss").  Doc. No. 81.  The Motion was accompanied by a supporting memorandum ("Def.'s MTD Mem.").  Id.  Plaintiffs filed an opposition on October 26, 2011 ("Pls.' Opp'n").  Doc. No. 100.  On November 2, 2011, Defendant filed a reply ("Def.'s Reply").  Doc. No. 104.

Plaintiffs filed a Motion for Partial Summary Judgment on May 11, 2011 ("Plaintiffs' Motion for Summary Judgment").  Doc. No. 78.  The Motion was accompanied by a supporting memorandum ("Pls.' MSJ Mem.") and a concise statement of facts ("Pls.' CSF").  Doc. Nos. 79 & 80.  On October 26, 2011,

Defendant filed an opposition ("Def.'s Opp'n") and a response to
Plaintiffs' CSF ("Def.'s Response to Pls.' CSF").  Doc. Nos. 101
& 102.  Plaintiffs filed a reply on November 2, 2011 ("Pls.'
Reply").  Doc. No. 103.

On November 9, 2011, Defendant filed a supplement to
its Motion to Dismiss, attaching a copy of the Hawaii Supreme
Court's order on the question certified to it by Judge Kobayashi
in <u>Villon v. Marriot Hotel Services, Inc.</u>, CV-08-00529 LEK-RLP,
Doc. No. 130 (Oct. 12, 2011), and <u>Rodriguez v. Starwood Hotels &
Resorts Worldwide, Inc.</u>, CV-09-00016 LEK-RLP, Doc. No. 139 (Oct.
12, 2011).  Doc. No. 105 Ex. A.

On November 16, 2011, the Court held a hearing on
Defendant's request to stay proceedings, Plaintiffs' Motion for
Partial Summary Judgment, and Defendant's Motion to Dismiss.[6]
The Court has addressed Defendant's motions in a separate order.
In that order, the Court granted Defendant's Motion to Dismiss
with respect to Counts I, II, and III, to the extent Count III
seeks to recover for an implied contract between Plaintiffs and
Defendant.  The Court also granted Defendant's request to stay

---

[6] Plaintiffs' counsel, who reside in Boston, requested that
the Court continue the hearing from October until November 14,
2011, to allow the case to be heard on the same day as <u>Wadsworth</u>,
Civ. No. 08-00527 ACK-RLP, a case in which the parties are
represented by the same counsel as in this case.  <u>See</u> Doc. No.
96.  The Court found it advisable to hold the hearings on
different days, but rescheduled the hearing for November 16,
2011, to accommodate Plaintiffs' counsel and their travel needs.
<u>See</u> Doc. No. 95.

proceedings as modified until the Hawaii Supreme Court rules on a question of law certified to it by Judge Kobayashi in <u>Villon</u> and <u>Rodriquez</u>.  Thus, the instant order will go into effect after the stay is dissolved.

Plaintiffs seek summary judgment on Count V, in which Plaintiffs allege that as a result of Defendant's conduct, they have been deprived of income that constitutes wages, which is actionable under H.R.S. §§ 388-6, 388-10, and 388-11.

### **STANDARD**

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  Summary judgment is therefore appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so in either of two ways: by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).[7] Conversely, where the evidence could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

The moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Miller v. Glenn Miller Prods., 454 F.3d 975, 987 (9th Cir. 2006). The moving party may do so with affirmative evidence or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the

---

[7]Disputes as to immaterial facts do "not preclude summary judgment." Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986).

nonmoving party's case." Celotex, 477 U.S. at 325.[8/]  Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  See Celotex, 477 U.S. at 324; Matsushita Elec., 475 U.S. at 586; Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).[9/] The nonmoving party must instead set forth "significant probative evidence" in support of its position.  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)

---

[8/]When the moving party would bear the burden of proof at trial, that party must satisfy its burden with respect to the motion for summary judgment by coming forward with affirmative evidence that would entitle it to a directed verdict if the evidence were to go uncontroverted at trial.  See Miller, 454 F.3d at 987 (quoting C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000)).  When the nonmoving party would bear the burden of proof at trial, the party moving for summary judgment may satisfy its burden with respect to the motion for summary judgment by pointing out to the court an absence of evidence from the nonmoving party. See id. (citing Celotex, 477 U.S. at 325).

[9/]Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); see also T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Johnson v. Wash. Metro. Area Transit Auth., 883 F.2d 125, 128 (D.C. Cir. 1989) ("The removal of a factual question from the jury is most likely when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury."), cited in Villiarimo, 281 F.3d at 1061.

(quoting <u>First Nat'l</u>, 391 U.S. at 290).  Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. <u>See</u> <u>Celotex</u>, 477 U.S. at 322.

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. <u>See</u> <u>T.W. Elec. Serv.</u>, 809 F.2d at 630-31.[10/]  Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied.  <u>Anderson</u>, 477 U.S. at 250-51.

## <u>DISCUSSION</u>

In Count V, Plaintiffs assert that as a result of Defendant's unlawful failure to remit the entire proceeds of food and beverage service charges to the food and beverage servers, Defendant is liable to Plaintiffs under Chapter 388.  Am. Compl. Count V.  The Court has already concluded that Count V states a plausible claim, <u>i.e.</u>, an employee may recover under H.R.S. §§ 388-6, 388-10, and 388-11, for the failure of a hotel to distribute service charges to employees when the hotel did not disclose that the service charges were being used to pay for

--------

[10/]At the summary judgment stage, the court may not make credibility assessments or weigh conflicting evidence.  <u>See</u> <u>Anderson</u>, 477 U.S. at 249; <u>Bator v. Hawaii</u>, 39 F.3d 1021, 1026 (9th Cir. 1994).

costs or expenses other than wages and tips of employees, as

required by H.R.S. § 481B-14.  H.R.S. § 481B-14 provides that:

> Any Hotel or restaurant that applies a
> service charge for the sale of food or
> beverage services shall distribute the
> service charge directly to its employees as
> tip income or clearly disclose to the
> purchaser of the services that the service
> charge is being used to pay for costs or
> expenses other than wages and tips of
> employees.

H.R.S. § 388-6 provides that:  "No employer may deduct,

retain, or otherwise require to be paid, any part or portion of

any compensation earned by any employee except where required by

federal or state statute or by court process or when such

deductions or retentions are authorized in writing by the

employee."  Section 388-11 provides an employee or class of

employees with a cause of action to recover unpaid wages.

Pursuant to § 388-10(a), an employer who fails to pay wages in

violation of any provision of Chapter 388 without equitable

justification is liable to the employee for double damages.

Plaintiffs assert that Defendant withheld compensation they

earned in violation of § 388-6 by failing to distribute the full

amount of service charges that Defendant imposed without making

the requisite disclosure under § 481B-14.

For Plaintiffs to succeed on their claim that Defendant

is liable for unpaid wages under Chapter 388 based on a violation

of § 481B-14, Plaintiffs must present sufficient evidence to

establish that Defendant: "(1) employed Plaintiffs as food and beverage servers; (2) retained portions of food and beverage service charges while employing Plaintiffs; and (3) failed to clearly disclose to customers that the service charges would not be remitted in full to Plaintiffs." Davis I, 2011 WL 3841075, at *11; see H.R.S. §§ 388-1, 388-6, 388-10, 388-11, and 481B-14. The employer bears the burden to establish that an equitable justification existed. Arimizu v. Fin. Sec. Ins. Co., 679 P.2d 627, 631-32 (Haw. App. 1984).

At the hearing, Defendant asserted that the CBA provided Defendant with an equitable justification for retaining a portion of the service charges. Defendant asserted that to comply with § 481B-14, it would have had to violate the CBA, which would in turn violate federal labor law. This premise is erroneous; Defendant could have complied with both the CBA and state law. First, the CBA provides that "[o]n all special functions, the bargaining unit employees involved shall receive at least ninety-three percent (93%) of the guaranteed service charge less employment taxes." Def.'s Response to Pls.' CSF Ex. A, § 7.h (emphasis added). Thus, Defendant could have paid 100% of the service charges to employees without violating the CBA. Second, Defendant could comply with both the CBA and § 481B-14 by paying employees 93% of the service charge and making the requisite disclosure. Thus, Defendant has not meet its burden to establish equitable justification for violating § 388-6.

12

Defendant does not dispute that it employed Plaintiffs. See e.g., Def.'s Opp'n at 3 ("Plaintiffs' employment at the Hotel was governed by a collective bargaining agreement ('CBA').").[11/] Thus Plaintiffs have sufficiently established the first element of their claim.

Defendant also does not dispute that it does not pay the entire service charges to employees. Compare Pls.' CSF ¶ 3, with Def.'s Response to Pls.' CSF ¶ 3. Accordingly, Plaintiffs have established the second element of their claim.

With respect to the third element, Plaintiffs assert, and Defendant does not dispute, that prior to the filing of this suit, "Defendant did not provide any disclosure to customers that the entire amount of the service charge was not used as tip income to compensate food and beverage servers." Compare Pls.' CSF ¶¶ 1-4, with Def.'s Response to Pls.' CSF ¶¶ 1-4. Defendant also does not dispute that "no disclosure was provided to customers on any documents that a portion of the service charge was not distributed to service employees until sometime in 2010." Compare Pls.' CSF ¶ 5, with Def.'s Response to Pls.' CSF ¶ 5.

At some point in 2010, Defendant began to provide a disclosure on some of its documents. Compare Pls.' CSF ¶¶ 6-8, with Def.'s Response to Pls.' CSF ¶¶ 6-8. In their CSF,

---

[11/]The Court notes that the relevant dates each plaintiff was employed will go to damages, not liability.

Plaintiffs assert that "[a]lthough Defendant's attorneys have stated that disclosures were added in March 2010 for room service and May 2010 for banquets, Defendant has not provided any documents confirming these disclosures were added at these times." Pls.' CSF at 3 n.2.  On summary judgment, however, the moving party bears the burden of coming forward with affirmative evidence to establish that there is no genuine dispute as to any material fact.  <u>See</u> Fed. R. Civ. P. 56(a); <u>Celotex</u>, 477 U.S. at 325.

In a response to Plaintiffs' request for documents, Defendant provided an accounting of the service charges collected by Defendant for the sale of food and beverages and set forth how the service charges were distributed.  <u>See</u> Pls.' CSF Ex. 2.  In this document, for the year 2010, Defendant provided banquet service charge figures from January 1, 2010, through May 6, 2010, and stated that "[a]dditional disclosure language regarding banquet service charges was added to Defendant's documents on or before May 7, 2010."[12]  <u>Id.</u> Defendant does not assert that the banquet contracts contained a disclosure prior to this date.  <u>Compare</u> Pls.' CSF ¶ 5-6, <u>with</u> Def.'s Response to Pls.' CSF ¶ 5-6.  Defendant does not dispute that banquet checks did not contain

_____

[12]It is unclear what Defendant meant by "additional," but Defendant has not asserted that it made an adequate disclosure prior to this date.  Plaintiffs' sample documents prior to this date establish that the requisite disclosure was not made on banquet event documents.

the requisite disclosure.  Compare Pls.' CSF ¶ 7, with Def.'s
Response to Pls.' CSF ¶ 7.  Defendant also does not dispute that
prior to May 2010, the banquet event orders (which are the
documents listing all menu items, pricing, etc.) did not contain
the requisite disclosure.  Compare Pls.' CSF ¶ 8, with Def.'s
Response to Pls.' CSF ¶ 8.

     Plaintiffs submitted a sample banquet check, which
assessed a service charge but contained no statement about the
charge; a sample group sales contract dated March 3, 2010, which
stated "there is a twenty percent (20%) taxable service charge,"
but contained no statement regarding how the charge was
distributed; and a sample banquet event order from 2005, which
stated that "[a]ll food and beverage is subject to 20% service
fee," but contained no other information regarding the service
fee.  Pls.' CSF Exs. 1, 3, & 4.  Plaintiffs also submitted a
sample banquet event order for an event held on May 10, 2010, to
show the change made in May 2010, which stated: "[A] Service
charge of 20% will be Applied to the Cost for Food and Beverage
Service.  A Portion of the Service Charge is being used to Pay
for Costs or Expenses other than Wage and Tips for Employees: a
Minimum of 18% is Allocated toward Wage and Tips for
Employees."[13/]  Id. Ex. 5.  These documents, along with

_____

     [13/]It is not clear from the exhibit what date the document
was created or when it was presented to the customer.  See Pls.'
CSF Ex. 5.

Defendant's admissions, are sufficient to establish Defendant's liability with respect to banquet events until May 7, 2010.

Plaintiffs do not challenge the language used by Defendant in its documents that do contain a disclosure, but assert that summary judgment is also proper for Defendant's liability after May 7, 2010, because "[u]nless the disclosure is made on <u>all</u> documents given to customers, . . . Defendant has not clearly disclosed to customers that the full service charge is not being remitted to employees as required by § 481B-14."  Pls.' MSJ Mem. at 12 n.7.  The Court disagrees that disclosure must be made on every document given to a customer, such as event orders and banquet checks.  It is unclear from the record what disclosures were added to which documents at what time, and Plaintiffs have failed to meet their burden to establish Defendant's liability for banquet events after May 7, 2010.

Similarly, in the accounting Defendant submitted to Plaintiffs, for the year 2010, Defendant provided in-room dining service charge figures for January 1, 2010, through March 16, 2010, stating "[a]dditional disclosure language regarding in-room dining service charges was added to Defendant's documents on or before March 17, 2010."  Pls.' CSF ¶ 9.  Defendant does not assert that it made an adequate disclosure on in-room dining documents prior to March 17, 2010.  Defendant does not dispute that its room service menus did not contain a disclosure that a

16

portion of the service charge would not be distributed to service employees.  Compare Pls.' CSF ¶ 10, with, Def.'s Response to Pls.'s CSF ¶ 10.  Plaintiffs submitted a sample in-room dining bill from December 2009, which includes a service charge without any disclosure regarding the distribution of the charge.  Pls.' CSF Ex. 6.  Plaintiffs also submitted sample in-room dining bills from September 2010, which Plaintiffs purport are the only in-room dining checks Defendant produced with a disclosure.  Id. ¶ 9, Ex. 7.  This bill states: "All Room Service orders are subject to a . . . 18% Service Charge. . . . A portion of the 18% service charge added to the food and beverage check is allocated to pay for various costs and expenses other than the wages and tips of employees.  A minimum of 16% is allocated toward wage and tips for employees."  Id. Ex. 6.  Plaintiffs do not contest the adequacy of this disclosure.  Based on Defendant's admission and the sample bills produced by Plaintiffs, Plaintiffs have sufficiently established Defendant's liability with respect to in-room dining until March 17, 2010.  Plaintiffs have not met their burden with respect to Defendant's liability from March 17, 2010, forward.

Defendant also asserts that Plaintiffs do not address what the applicable statute of limitations is for Plaintiffs' claim, stating Plaintiffs "offer the court absolutely no guidance on this important issue," and that "[c]learly if the Plaintiffs

17

are claiming they are entitled to judgment as a matter of law on their §[]388-6 claim they should have also argued what the applicable limitations period is and when the alleged liability would commence." Def.'s Opp'n at 7. Defendant is mistaken; Plaintiffs stated in their motion "the beginning date for damages should be six years prior to the filing of the complaint, or November 24, 2002, based on the six year statute of limitations for wage claims." Pls.' MSJ Mem. at 13 n.8 (citing H.R.S. § 657-1). The statute of limitations is an affirmative defense, and thus the defendant bears the burden of proof on this issue. Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1123 (9th Cir. 2007). Here, Defendant did not make any affirmative argument regarding the statute of limitations until the hearing. At the hearing, Defendant asserted that the four year statute of limitations applicable to § 481B-14 should govern.

Pursuant to H.R.S. § 480-24(a), "[a]ny action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues." Pursuant to § 481B-4, any person who violates Chapter 481B is "deemed to have engaged in an unfair method of competition . . . within the meaning of section 480-2." Section 480-2(e) provides that "any person may bring an action based on unfair methods of competition declared unlawful by this section." Thus, for an action to recover for a violation of § 481B-14 through 480-2(e), a four-year statute of limitation applies.

Sections 388-6, 388-10, and 388-11 do not contain an express limitations period.  Because there is no express limit, actions arising under § 388-6, are governed by the general six-year limitation for "[a]ctions for the recovery of any debt founded upon any contract, obligation, or liability."  H.R.S. § 657-1(1).  Alternatively, six years is the catch-all statute of limitations for "[p]ersonal actions of any nature whatsoever not specifically covered by the laws of the State."  H.R.S. § 657-1(4).  Because Plaintiffs' cause of action arises under Chapter 388, not Chapter 480 and § 481B-14, the six-year limitations period applicable to Chapter 388 applies.  Plaintiffs filed suit on November 24, 2008, and thus Defendant's liability begins on November 24, 2002.[14/]

The amount Defendant is liable for is an issue of damages, which Plaintiffs will have the burden of establishing at trial.  Plaintiffs have not met their burden to establish Defendant's liability after May 7, 2010, for banquet events, and after March 17, 2010, for in-room dining events.  Accordingly,

---

[14/]The Court notes that if Plaintiffs had brought an action pursuant to Chapter 480 and § 481B-14 and prevailed,  they could recover treble damages for four years.  See H.R.S. § 480-13(a)(1).  Under Chapter 388, Plaintiffs can recover double damages for six years.  See id. § 388-10(a).  Thus, depending on the amount of damages for each year, the amount Plaintiffs are able to recover pursuant to each Chapter varies.  Thus, contrary to Defendant's assertion, an employee's recovery under Chapter 480 for a violation of § 481B-14 for four years, would not necessarily be the same as that employee's recovery under § 388-6 for six years.

19

Plaintiffs' Motion for Partial Summary Judgment is GRANTED with respect to Defendant's liability from November 24, 2002, until May 7, 2010, for banquet events, and from November 24, 2002, until March 17, 2010, for in-room dining services.

### CONCLUSION

For the foregoing reasons the Court (1) GRANTS in part and DENIES in part Plaintiffs' Motion for Partial Summary Judgment.  The Court's ruling will not go into effect until after the Hawaii Supreme Court rules on the question of law certified to it in <u>Villon</u> and <u>Rodriguez</u>.

The Court has ordered a stay of all proceedings pending a decision by the Hawaii Supreme Court on the question of law certified to it by Judge Kobayashi in <u>Villon v. Marriot Hotel Services, Inc.</u>, CV-08-00529 LEK-RLP, Doc. No. 130 (Oct. 12, 2011), and <u>Rodriguez v. Starwood Hotels & Resorts Worldwide, Inc.</u>, CV-09-00016 LEK-RLP, Doc. No. 139 (Oct. 12, 2011).  The closing is administrative only and thus has no effect on the procedural or substantive rights of any party or any limitations period.  Any party may move to reopen the case after the Hawaii Supreme Court rules, and the parties shall promptly inform this court in writing of the disposition in Judge Kobayashi's case, at which time the stay will be automatically dissolved if not earlier.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 2, 2011.



_____
Alan C. Kay
Sr. United States District Judge

<u>Kyne, et al. v. The Ritz-Carlton Hotel Company, L.L.C.</u>, Civ. No. 08-00530 ACK-RLP: Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment.