IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ELIZABETH VALDEZ KYNE and ADAM BOROWIEC, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, L.L.C., dba THE RITZ-CARLTON, KAPALUA,<br><br>   Defendant. | Civ. No. 08-00530 ACK-RLP |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On April 17, 2014, the Court issued its Order Preliminarily Approving Class Action Settlement Agreement, Approving Form of Notice, and Scheduling Final Approval Hearing. (Doc. No. 143.)

On June 12, 2014, the Court held a Final Approval Hearing. (Doc. No. 149.) The Class Action Fairness Act (CAFA) requires the defendants in a class action suit to send notice of a proposed settlement to all relevant state and federal authorities where class members reside. 28 U.S.C. § 1715(b). A court may not issue an order giving final approval of a proposed settlement until 90 days have passed since the relevant authorities were served with such notice. 28 U.S.C. § 1715(d).

Because Defendant sent the required CAFA notice on June 6, 2014, the Court determined at the June 12, 2014 hearing that it would need to hold a second final approval hearing once the 90-day CAFA notice period elapsed. (Doc. No. 150.) The Court therefore held its Second Final Approval Hearing on September 22, 2014.

The Court, having considered Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. No. 145,) finds that the Settlement is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2); Laguna v. Coverall North America, Inc., 753 F.3d 918, 921 (9th Cir. 2014). In reaching this determination, the Court considered the factors outlined by the Ninth Circuit Court of Appeals for evaluating class action settlements, including: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of proceedings; (6) the experience and view of counsel; and (7) the reaction of class members to the proposed settlement. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1291 (9th Cir. 1992). These factors weigh in favor of approving the Settlement.

The Settlement was the product of arms-length negotiations, and allows the class to avoid further risks and delays to the more than five years of litigation in this case.

The $1,800,000 Settlement is substantial and will allow class members to receive their actual monetary damages plus some additional amount.

Sufficient notice was made to afford class members the opportunity to opt out of or object to the Settlement, and the class members reacted positively to the Settlement. Plaintiffs have demonstrated that over 80% of the settlement funds have been claimed by class members who filed claim forms. No class member or other party objected to or opted out of the Settlement.

The one-third share of the Settlement requested for attorneys' fees and costs is reasonable given the complexity of the case and the performance of Plaintiffs' attorneys. The lodestar calculation supports the percentage-fee award in this case. Further, the $15,000 compensatory awards to the named Plaintiffs are fair and reasonable. The named Plaintiffs assumed the responsibility and risk of pursuing the suit, and have done so for more than five years on behalf of the class members.

Finally, as noted above, Defendant provided notice to the appropriate State and Federal officials pursuant to 28 U.S.C. § 1715(d) on June 6, 2014. (Doc. No. 148.)

In light of the foregoing, the Court hereby GRANTS the Motion for Final Approval of Class Action Settlement and orders as follows:

    1.   The Settlement is approved pursuant to Federal

Rule of Civil Procedure 23(e);

2. The requested attorneys' fee of $600,000, which totals one-third of the total Settlement amount, is approved;

3. The requested incentive payments for each of the lead Plaintiffs in the amount of $15,000 are approved;

4. The Parties are directed to implement the terms of the Settlement; and,

5. Plaintiffs' counsel are directed, pursuant to the Settlement, to make additional reasonable efforts to contact any class members who did not submit a claim form in response to the mailed notices, and whose claims exceed $200.

The case is hereby DISMISSED WITH PREJUDICE. All Parties shall bear their own costs.

IT IS APPROVED AND SO ORDERED.

DATED: Honolulu, Hawaii, September 22, 2014



Alan C. Kay
Senior United States District Judge

Kyne v. Ritz-Carlton Hotel Co., Civ. No. 08-00530 ACK RLP, Order Granting Final Approval of Class Action Settlement